IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BARRY DWAYNE MINNFEE | § | |
| v. | § | CIVIL ACTION NO. 6:15cv112 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Barry Minnfee, proceeding *pro se*, filed this application for the writ of habeas corpus apparently complaining about a parole revocation. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Minnfee's petition offered no facts or argument to show that the parole revocation was unlawful. The magistrate judge observed that Minnfee is well known as a malicious litigant, having filed over 130 lawsuits and petitions in the federal courts in the State of Texas. He has been sanctioned by the Fifth Circuit and by the Northern District of Texas; while some of these sanctions have been satisfied, others have not. Specifically, Minnfee has paid the sanctions in Minnfee v. Quarterman, cause no. 07-50446 (5th Cir.), and in Minnfee v. Dretke, civil action no. 2:02cv310 (N.D.Tex.). He still has outstanding unpaid sanctions in cause no. 07-10173 (5th Cir.) and in civil actions no. 5:05cv67, 2:04cv147, and 2:03cv250, all from the Northern District of Texas.

After review of the pleadings, the magistrate judge issued a report recommending that the petition be dismissed because Minnfee has not satisfied the sanctions imposed against him. The Eastern District of Texas is bound by sanctions imposed by the Fifth Circuit and honors sanctions imposed by other federal district courts in the State of Texas. General Order No. 94-6 (E.D.Tex.,

February 2, 1994); Balawalder v. Scott, 160 F.3d 1066, 1068 (5th Cir. 1998) (district court does not abuse its discretion in honoring sanctions imposed by other district courts).

In his objections, Minnfee states that he has paid the sanction in cause no. 07-50446 and is therefore not precluded from bringing suit. However, he makes no mention of the sanctions in other cases which he has not paid, including civil action no. 2:03cv250, in which he was barred from new filings until the sanction is satisfied and judicial permission is secured, and civil action no. 2:04cv147, in which he was barred from any further litigation until the sanction is satisfied. Because these sanctions remain outstanding and are honored by this Court, Minnfee may not proceed in any new case in the Eastern District of Texas until such sanctions are satisfied.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the report of the magistrate judge (docket no. 8) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED** as barred by sanctions previously imposed upon Minnfee. Such dismissal is without prejudice to the refiling of this petition once all of the sanctions imposed upon him have been satisfied, but with prejudice as to its refiling so long as any sanctions remain unpaid. It is further

**ORDERED** that the Petitioner Barry Minnfee is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**It is SO ORDERED.**

**SIGNED this 9th day of June, 2015.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE